## NICHOLAS W. CASEY

*v.*

## VALENTINE B. HORTON, JR.

1. SUIT IN ATTACHMENT — *bond for costs* — *non-resident.* The first section of the cost act in all cases requires a plaintiff or person for whose use the action is brought, if a non-resident, to file a bond for costs. The act is sufficiently comprehensive in terms to and does embrace a suit in attachment.

2. SAME. The State has the right to impose all reasonable and necessary requirements for the protection of the officers of justice from loss of their fees, by the litigation of non-resident parties. The requirement of a bond for costs from a non-resident plaintiff is reasonable.

3. ATTACHMENT ACT — *does not repeal the cost act.* The condition in the attachment bond, required by the statute, that the plaintiff shall pay all costs which may be awarded to the defendant, or to others interested in the proceeding, is not so broad as the provision in the first section of the cost act, nor does it conflict with or repeal it by implication.

4. BOND FOR COSTS, AND ATTACHMENT BOND — *their provisions.* The condition of the bond for costs is for the payment of all costs which may accrue in the action, either to the opposite party or to any of the officers of court, whilst

the attachment bond is only for the costs that may be awarded to the defendant or any person interested in the proceeding. The officers of court have no interest in the proceeding, and their costs are not secured by the attachment bond.

5. NON-RESIDENTS — *when they may sue.* *Held,* that non-resident plaintiffs can only sue in our courts, whatever the nature of the action, by giving a bond for costs, in conformity with the cost act.

WRIT OF ERROR to the Court of Common Pleas for the city of Cairo; the Hon. JOHN H. MULKEY, Judge, presiding.

This suit was commenced by filing with the clerk of the Common Pleas Court of the city of Cairo, on the 6th of June, 1863, an affidavit and attachment bond, as required by the attachment law.

A writ of attachment issued against the defendant, June 6th, 1863, and was returned at the July term of the court, 1863. Served by levying upon the ferry-boat Wilson, on the 11th day of June, 1863.

A declaration was filed September 25, 1863.

Service by publication in the Cairo News. The first publication on the 23rd day of July, 1863, and the last publication on the 27th day of August, 1863.

At the October term of the court, the defendant appeared, by his attorney, and moved the court to dismiss the writ of attachment for want of a cost bond, the plaintiff being a non-resident of the State.

Which motion was sustained by the court, and the cause dismissed at the plaintiff's cost. To which ruling of the court the plaintiff, by his attorney, then and there excepted.

The cause was brought to this court by plaintiff below, by writ of error, and a reversal of the judgment of the court below is sought, because the court sustained the motion to dismiss the suit, and rendered a judgment against plaintiff for costs.

Messrs. W. H. GREEN, and D. T. LINNEGAR, for the Plaintiff in Error, cited the following authorities: Laws of 1827, p. 69, Sec. 7; Revised Laws, 1833, p. 34, Sec. 6; Revised Statutes of 1845, p. 64, Sec. 4; *Love* v. *Fairfield,* 5 Gilm. 303.

Mr. I. N. HAYNIE, for the Defendant in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The question is presented by this record, whether a non-resident plaintiff, suing out an attachment from the Circuit or other superior court, must, under the cost act, file a bond for costs. Or does the filing of an attachment bond dispense with the necessity for the bond for costs? The first section of the cost act declares, that in all cases in law or equity, where the plaintiff, or person for whose use an action is commenced, shall not be a resident of the State, such plaintiff or person for whose use the action is to be commenced, shall, before he institutes such suit, file or cause to be filed with the clerk of the Circuit or Supreme Court in which the action is to be commenced, an instrument in writing, of some responsible person, being a resident of the State, to be approved by the clerk, by which such person shall acknowledge that he is bound to pay or cause · to be paid all costs which may accrue in the action, either to the opposite party or to any of the officers of such court.

The language of that section is broad and comprehensive, and in terms embraces every species of action either at law or in equity. It makes no exception in favor of suits by attachment or otherwise. And it applies in terms to all non-resident plaintiffs.

The State has the undoubted right to impose all reasonable and necessary requirements for the protection of its citizens in the administration of justice. If deemed necessary to protect the officers of justice against loss of their fees, by the litigation of persons beyond the jurisdiction of our courts, the legislature might require a reasonable sum of money to be deposited, to cover all costs, before they could command the process of the court or the services of its officers. Or they might require all costs to be paid as they were incurred, or any other reasonable means of attaining the end. They have, however, in the exer-

cise of the power, declared that a bond for costs shall be given to authorize a non-resident to sue in our courts, and upon failure to comply, direct that the suit shall be dismissed. We regard the provision reasonable and just, as well as salutary in its operation.

It is, however, contended that the attachment act has, by implication, repealed the cost act, so far as it relates to attachments. The supposed repeal is by the terms and conditions of the attachment bond. The attachment act contains the provision that the party suing out the writ of attachment shall give a bond, containing, among others, a condition, "for satisfying all costs which may be awarded to such defendant or to others interested in said proceedings." If this provision is the same in effect as the cost act, then the latter act was by implication repealed by the attachment law. But it is apparent that the attachment bond is more limited in its operation than the bond for costs. The latter bond is for the payment of all costs which may accrue in the action, either to the opposite party or to any of the officers of the court, whilst the former is only for the payment of such costs as shall be awarded to the defendant or any other person interested in the proceeding. By the cost bond the plaintiff gives security for his own costs, whilst by the attachment bond he only gives security for such costs as may be awarded to the defendant or others; and as the costs which he incurs cannot be awarded to them, he gives no security for his own costs, but only for the defendant's or other persons interested, when awarded or adjudged to them. If he succeed in his action, and no judgment is rendered against him, in the progress of the trial, for costs, his security is liable for none.

Nor have the officers any interest in the proceeding. They are not parties to the suit, nor in any sense interested in its result. The provision securing other 'persons having an interest must relate to garnishees and interpleaders, as costs may be awarded to the defendant, the garnishee, or to the interpleader, but not to the officers of the court. It was doubtless with a view of securing garnishees and interpleaders that the act of

1827 was amended. These two bonds being so dissimilar in their provisions, it can hardly be supposed that the attachment bond was intended to supersede the cost bond in such cases.

Again, resident as well as non-resident, solvent and insolvent, plaintiffs in attachment, are equally bound to give the bond required by the attachment act. And the attachment bond is only required to be in double the amount sworn to be due, which, in many cases, would form but a slender security for the costs, as they frequently exceed the debt in litigation. We are, therefore, of the opinion that a non-resident can only sue in our courts, under the statutes in force, by giving the bond required by the cost act, and it is immaterial what may be the nature of the action he prosecutes, or the form of the proceedings.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*